## Pequawkett Bridge *vs.* Joseph S. Mathes and als.

WHERE there is more than one signer to a deed, it is not essential that there should be as many separate seals annexed to the instrument as there are signers. Two or more among any number of signers may adopt one seal.

Where an instrument, containing the usual allegation, "sealed with our seals," has been signed and sealed by one or more obligors, and an additional obligor subsequently signs, and delivers the same as his deed, without affixing a new seal, it is evidence that the said obligor adopts a seal already affixed.

It is not necessary that the name of the obligor appear in the bond. If it is signed and sealed by him, it binds him.

It is not necessary that a witness to a signature see a party sign his name to the instrument. If the person who signs, acknowledges it to be his signature, and requests the person witnessing the same to affix his name as a witness, it is sufficient.

THIS was debt on bond. The defendants, after craving oyer of the bond, and condition thereof, pleaded in abatement to the writ, that one Richard K. Young, who signed said writing obligatory, did likewise seal, and deliver the same as his act and deed, to the plaintiffs, and thereby became jointly bound with said defendants, and that said Young is still alive. To which the plaintiffs replied—that said Young did not seal and deliver said writing obligatory, as the defendants in their plea alleged, on which issue was joined.

The said Young's name is not mentioned in the bond, though it appears to have been once inserted, and to have been afterwards erased. The said bond was signed by the four individuals who are the defendants in this suit, and also by the said Young, who was the last signer ; but there were only four seals affixed to the signatures.

Jacob Wentworth and Joseph B. Mathes were witnesses to the defendants' signatures, and John W. Sanborn's name was affixed as the last subscribing witness. The said Ma-

thes testified that he was acquainted with the hand writing of the said Sanborn, the last subscribing witness to said bond ; that the name affixed is in said Sanborn's hand writing ; that said Sanborn is since dead ; and that, on the same day, and immediately after the defendants had signed said bond, he, the said Mathes, went a short distance into the field, where the said Young was at work, for the purpose of seeing said Young sign the said bond, but that he did not arrive at the place where said Young was, until after the bond was signed ; that said Young then held up the bond, and declared to the said Mathes, that he, the said Young, had signed it, and requested Mathes to witness it.

The bond contained the usual allegation, " sealed with our seals," &c.

On the above facts and testimony, verdict was taken for the plaintiff, and motion made to set the same aside.

*Cutler* and *Bartlett*, for the plaintiffs.

*Sawyer* and *Hobbs*, for the defendants.

Upham, J., delivered the opinion of the court. It is admitted by the pleadings in this case, that the bond declared on is *signed* by Richard K. Young; and the evidence of its delivery seems to be conclusive, from the testimony of Mathes. But the defendant alleges that said Young did not *seal* said writing, and it remains to be determined, from the facts submitted, whether the seal of said Young is affixed to the instrument, and he thereby became a party to it, so as to render it necessary that he should be included in the action, together with the other joint obligors.

The bond contains the usual allegation, " sealed with our seals." The objection, therefore, which has been urged, that the law will not intend that a party seals an instrument without an express averment to this effect, would seem to be obviated.

VOL. VII.        30

The authorities are conclusive, that there may be a less number of seals than of signers to an instrument. It is said that it is not necessary to have on the deed as many pieces of wax, or wafers, as there are obligors, and that one wafer may serve for all. *Perkins, Sec.* 134 ; *Shep. Touchstone,* 57 ; *Com. Dig. Fait, A* 2 ; 4 *D. & E.* 313 ; 1 *Stark. on Ev.* 332 ; 9 *Johns* 285 ; 2 *Caines' Ca.* 1 ; *Bradford* vs. *Randall,* 5 *Pick.* 496 ; 3 *Green.* 290. In such cases, the signers adopt one seal ; and we see no reason why two or more, among any number of signers, may not adopt one of several seals.

In this case, when Young put his name to the instrument he must be considered as having adopted one of the seals already affixed. His signature of the bond, with the request that it might be witnessed, and his delivery of the same, coupled with the averment that it was sealed with his seal, is sufficient evidence of a full execution of the instrument. If one deliver as his deed an instrument signed, and sealed by another in his name, it is his deed. *Perkins, Sec.* 131 ; *Shep. Touch.* 57 ; 4 *Term Rep.* 313.

It is not necessary that the names should appear in the bond. If the obligors, in witness of their obligations to perform certain covenants and conditions, have affixed their hands and seals to the instrument, it is sufficient to bind them. *Zouch* vs. *Clay,* 1 *Ventris,* 185 ; *Cromwell* vs. *Grunden,* 2 *Salkeld,* 462 ; *Smith* vs. *Crocker and al.,* 5 *Mass.* 538 ; *Hunt, adm'r,* vs. *Adams,* 6 *Mass.* 519. Neither is it necessary that the subscribing witness see the deed executed. It is enough if the obligor acknowledge it to be his signature, and request the witness to sign. *Grellier* vs. *Neale, Peake's N. P. Ca.* 147 ; *Park* vs. *Mears,* 2 *Bos. & Pul.,* 217 ; *Powell* vs. *Blackett,* 1 *Esp.* 97. In this case, verdict was taken for the plaintiff.

*The verdict must therefore be set aside.*

After the opinion of the court was delivered, motion was

made for leave to summon in the said Richard K. Young, to <span style="float:right">Perley et ux'r<br>*vs.*<br>Langley.</span> become a party to said suit, agreeably to the provision in the act of January 5, 1833, and leave was granted.