## MARY BRUCE *vs.* JEDEDIAH WOOD.

Where a husband, by a deed in his own name only, conveys his wife's land in fee, and she merely affixes her signature and seal to the deed, " in token of her relinquishment of all her right in the bargained premises," her right in fee is not thereby conveyed, and she, after the decease of her husband, may maintain a writ of entry, on her own seizin, to recover the land.

The *St.* 32 H. VIII. *c.* 28 — which provides that no act by the husband only shall make any discontinuance of the wife's inheritance or freehold, but that she and her heirs, &c. may lawfully enter thereupon according to their rights — is in force as a part of the common law of this Commonwealth.

THIS was a writ of entry to recover one undivided sixth part of three several tracts of land in Marlborough. The demandant counted on her own seizin.

The parties submitted the case to the decision of the court upon these facts : The demandant, on the 11th of April, 1800, was the wife of Isaiah Bruce, who was then seized of the demanded premises in her right, and on that day, by his deed, conveyed said premises, together with other lands, to Phinehas Sawyer, under whom the tenant claims title.

This deed was in the common form used by a single grantor, except that at the conclusion thereof the demandant, " in token of her relinquishment of all her right in the said bargained premises," signed and sealed the deed with her husband, and afterwards acknowledged the same before a magistrate.

Said Isaiah Bruce died on the 4th of February, 1837.

Tenant to be defaulted, or demandant to become nonsuit, according to the direction of the court.

*Mellen,* for the demandant.

*Farley,* for the tenant.

SHAW, C. J. The present question depends wholly upon the construction of the deed of Isaiah Bruce, the demandant's former husband, and upon the further question, whether she herself was bound by it. This deed was dated April 11th, 1800, by which Isaiah Bruce conveyed to Phinehas Sawyer certain estate described, not now in question, and " also three shares, being one half, of the reversion of dower" described ; two of which are described as acquired by purchase, " the other share as I had it

by marrying my wife." It is in respect to this one sixth of the land, of which he and his wife were then seized in her right, in reversion, that the question now arises. The deed is wholly in the name of the husband, until the closing part, which is express-ed as follows : " In testimony whereof, I the said Isaiah Bruce, an l I Mary Bruce, wife of Isaiah, in token that I relinquish all in right in said bargained premises, have hereunto set our hands and seals." The question is, whether this is sufficient to convey lands in fee, of which the husband and wife are seized in her right ; and we are of opinion that it is not. We consider the point too well settled by the authorities to be now shaken. By the law and usage which have prevailed here from early times, the deed of husband and wife, conveying her estate, has been deemed sufficient ; and where a statute authorized the bar-ring of estates tail, by deed, conformably to the statute, it was held as a necessary result of the established law and usage, that a deed by husband and wife, duly executed, was sufficient to pass in fee an estate of which she was seized as tenant in tail. *Nightingale* v. *Burrell*, 15 Pick. 104. But it has also been steadily held, that to have this effect, the wife must join in the deed ; that is, it must appear that both husband and wife were parties to the efficient and operative parts of the instrument of conveyance, and that it is not sufficient that her name was an-nexed, as expressing her assent to the act of her husband, and without words showing her formal participarion in the granting part of the deed. *Lithgow* v. *Kavenagh*, 9 Mass. 161. *Pow-ell* v. *Monson & Brimfield Manuf. Co.* 3 Mason, 347. *Luf-kin* v. *Curtis*, 13 Mass. 223.

In the case cited from 9 Mass. the subject was very fully considered, and we think the decision quite applicable to the present case.

The court are also of opinion, that upon the decease of her husband, the demandant was restored to her right of entry, and right to an action on her own seizin. By the ancient common law, the feoffment by the husband, of the wife's estate, operated as a discontinuance ; and after his decease, she and her heirs could regain their right only by action. But this was altered by

*St.* 32 H. VIII. *c.* 28, which gives the wife and her heirs a right of entry, after the decease of the husband.   This statute, having been passed before the emigration of our ancestors, must be taken to be a modification and amendment of the common law in force here.   Upon the facts stated, the court are of opinion that the demandant is entitled to recover.

*Tenant defaulted.*