BANK OF CUMBERLAND *versus* IRA D. BUGBEE & *als.*

*Mem.* — SHEPLEY J. and EMERY J. being interested took no part in the hearing or determination of this cause.

Two or more persons may adopt the same seal and it has the same effect as if each had affixed his separate seal.

The recital in a bond with fewer seals than signatures, that it was "sealed with our seals," is a plain and manifest adoption by each of one of the seals.

When without any opposing proof, a verdict was rendered against such recital, it was set aside as against evidence.

THIS was an action of debt on bond, given by Ira D. Bugbee & als. to the plaintiffs, as security for the faithful performance of the duties of cashier of the Bank of Cumberland by said Bugbee, during his continuance in that office. The defendants pleaded *non est factum,* which was joined by the plaintiffs and a brief statement alleging a performance by said Bugbee of all and singular the things which he was required to do by the condition of said bond, and a counter statement by the plaintiffs setting forth the breaches upon which they relied.

The signatures of the several defendants were not denied, but the objection was taken that the instrument declared on was not the deed of the defendants, because upon inspection it appeared there were but five seals when there were six signatures, and the counsel for the defendants moved a nonsuit, which was declined, on the ground that whether or not each of the defendants sealed the bond was a question of fact, which should be left to the jury.

Upon the issue of *non est factum,* WESTON C. J. before whom the cause was tried, instructed the jury that the bond had now six signatures and five seals — that if, as was contended by the counsel for the plaintiffs, there had been a sixth seal, the remains of which they insisted were apparent — that this would be an end of the question. That if originally there were but five seals they might have been affixed by the first five signers — that by law however one seal might be adopted by two or more signers, and it was for the jury to consider

whether the last signer had not adopted one of the seals —
that of this the language of the instrument which he signs
" sealed with our seals " was presumptive evidence — and that
if two of the obligors adopted one seal, it was as well as though
there had been six seals.

The jury found that the writing obligatory declared on, was
not the deed of the defendants — and upon inquiry by the
Court why they had so found they replied, because the bond
had not been sealed and executed by all the signers, and that
that was the only point which they had considered.

There was likewise a motion for a new trial, on the ground
that the verdict was against law and evidence.

*Daveis & Haines,* for the plaintiff. It is well settled law,
that two or more signers to a deed may adopt the same seal.
*Bradford* v. *Randall,* 5 Pick. 496 ; *Mackay et al.* v. *Blood-
good et al.,* 9 Johns. R. 284; *Ludlow et al.* v. *Simond,* 2
Caines' Cas. in Er. 42, 55 ; *Ball* v. *Dunsterville et al.* 4 D. &
E. 314 ; *Lord Lovelace's Case,* Sir W. Jones, 268; *Cady* v.
*Shepherd,* 11 Pick. 400 ; *Pequawkett Bridge* v. *Mathes et
als.,* 7 N. H. Rep. 230; 2 Hill. Abr. 293.

It is sufficient if the obligor acknowledge any impression al-
ready made to be his seal. 1 Stark. Ev. 332 ; 1 Phil. Ev. 360.

*Preble,* for the defendants. The jury have found that the
bond was not the bond of all the defendants, not having been
executed by all the signers. By the common law, signing was not
necessary, but the seal the essential requisite. 2 Coke, 5 a ; 7
Petersd. Abr. 659; *Wright* v. *Wakeford,* 17 Ves. 459.

While the sanctity of the seal is retained — and that is the
act which makes the deed obligatory, it would be absurd to
consider the signing which was regarded as immaterial as con-
clusively binding. In all the cases cited, the seals were adopt-
ed by the consent of all. Here the whole question is, whether
a signature by one of the signers is conclusive evidence of an
adoption by him of a seal previously affixed. The verdict can
only be set aside on the ground that " sealed with our seals " is
peremptory on the jury. If it be not conclusive — then dif-
ferent juries may come to different conclusions. This was sub-

mitted to the jury as a matter of fact. It was either a matter of fact, or of law — if of law, the Court should have so instructed the jury. If of fact, then it was for the special determination of the jury — and the Court will be slow in setting aside a verdict as against evidence, when they have deliberately settled the fact submitted. It was a mockery to leave the jury to infer or not an adoption by one of the seal of another, if after they have drawn such an inference, as to them the evidence seemed to require, the verdict is to be set aside, because that inference is not such as the Court would have drawn.

The opinion of the Court was by

WESTON C. J. — Under the plea of *non est factum*, the plaintiffs were called upon to prove the execution of the bond, on which they declare. They adduced the usual proof, arising from the testimony of such of the subscribing witnesses as were within the jurisdiction of the court, and from evidence of the handwriting of such as were not, and of the handwriting of the defendants, whose signatures they attested. And it is conceded, that the bond has the genuine signatures of all the defendants. The objection to the execution of the bond, is based upon the fact, that it has but five seals, although subscribed by six persons. And upon this ground, the counsel for the defendants moved the presiding Judge to direct a nonsuit, which he declined to do. This motion was founded upon the assumption that the instrument to be legally binding should contain as many seals as signatures.

I am very clear upon the authorities, that the law is otherwise, and that two or more persons may adopt one seal, and that it has the same effect, as if each had affixed his separate. It is the doctrine of the elementary writers, and is equally sustained by adjudged cases. Shep. Touchstone, 57; Com. Dig. Fait, A 2; 4 Cruise's Dig. 27, 8. The earliest decision, which has been cited for the plaintiffs, is *Lord Lovelace's Case*, Sir W. Jones, 268. I have not had access to that authority, but what was there held is stated as a quotation from it in *Ball* v. *Dunsterville & al.* 4 T. R. 314 in these words, " if one of the

officers of the forest put one seal to the rolls by assent of all the verderers, and other officers, it is as good as if every one had put his several seal; as in case divers men enter into an obligation, and they all consent, and set but one seal to it, it is a good obligation of them all." And in the case last cited, one seal was regarded as sufficient for two persons. *Mackay* v. *Bloodgood*, 9 Johns. R. 285; *Bradford* v. *Randall*, 5 Pick. 496; *Pequawkett Bridge* v. *Mathes & als.* 7 N. H. Rep. 230, are authorities to the same effect. No opposing case has been adduced; and there can be no doubt, that the motion for a nonsuit was properly overruled.

The plea of *non est factum* raises an issue to be tried by the jury, and when joined, it belongs to them to decide, whether the instrument was duly executed or not. But in determining this question, they are not at liberty to disregard the evidence. There were seals enough to bind legally all the defendants, provided one of them was adopted by each. They all declare themselves bound and obliged. The term, " sealed with our seals," is affirmed by, and embraces every one, who affixed his signature to the instrument. The signature of each is a plain and manifest adoption of one of the seals. The delivery, which was proved by the testimony, or the attestation of the subscribing witnesses, by each of the parties, in connection with the language, leads to the same result, by necessary implication. There was no opposing proof or any testimony whatever, calculated to raise a suspicion, that any one of the defendants acted under a misapprehension, or was not apprized of the full effect of the language.

In my judgment, the verdict is manifestly against the evidence, and the justice of the case requires that it should be set aside.

*New trial granted.*