### ALFRED DANKER *vs.* JAMES S. ATWOOD.

Suffolk.   November 12. — 15, 1875.   WELLS & ENDICOTT, JJ., absent.

A bond purporting in its body to be executed by J. S., "as principal and —— —— as sureties," and signed by the principal and A., is good against A. as surety, if duly executed by the principal, and it does not appear that A., at the time of execut ng it, understood that it was to be executed by any other person as surety.

The surety upon a bail bond is liable in *scire facias* thereon, if the writ upon which the principal was arrested is identified by a date, the court, the full name of the plaintiff, and the surname of the defendant, although his Christian name, as expressed in the bond, was not inserted in the writ.

SCIRE FACIAS against the defendant as surety upon the following bond :

" Know all men by these presents : That we, Samuel Snow, of Bath, State of Maine, as principal, and —— —— as sureties, are holden, and stand firmly bound and obliged unto W. H. Warren, Jr., one of the Constables of the city of Boston, in the sum of three hundred dollars, to be paid unto said W. H. Warren, Jr., his executors, administrators or assigns ; to which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

" Witness our hands and seals.   Dated the third day of February, in the year of our Lord one thousand eight hundred and seventy-four.

" The condition of this obligation is such, that whereas the body of the above bounden Samuel Snow is taken by force of a writ or process, bearing date February third, A. D. 1874, wherein Alfred Danker, plaintiff, and said Samuel Snow is defendant, returnable before our Justices of the Municipal Court of the city of Boston, next to be holden at said Boston, within and for said county, for civil business, on Saturday, the fourteenth day of February, A. D. 1874, at nine of the clock in the forenoon, to answer unto said plaintiff in an action of tort, commenced by said plaintiff to be heard and tried at said court, as by the return of said writ or process will appear.

" Now therefore, if the above bounden Samuel Snow shall appear before said justices of said court, to be holden as aforesaid, to answer unto said plaintiff in said action or process, and shall abide the final judgment thereon, and shall not avoid, then the

above written obligation shall be null and void, otherwise it shall be and remain in full force and virtue.

"Samuel Snow. (Seal.)

"James S. Atwood. (Seal.)"

The case was submitted to the Superior Court, and after judgment for the plaintiff for $198.15, to this court on appeal, upon agreed facts in substance as follows:

On February 3, 1874, the plaintiff sued out a writ from the Municipal Court of the city of Boston, said writ being returnable to said court February 14, 1874, and the defendant in said writ was described as "Mr. Snow, chief mate of ship Emma." By virtue of said writ the said Snow was arrested on mesne process, and signed and affixed his seal as principal to the said bail bond, which bond so signed was, by the officer, at the request of Snow, and upon his representations that the defendant Atwood would become surety for him thereon, sent to the store of Atwood, and was returned soon after with the signature of the defendant upon it, and thereupon the officer released Snow from arrest. The obligee in the bond is the officer who made the arrest, and no alteration was made in the bond after the defendant signed it. The plaintiff recovered judgment March 2, 1874, against "Mr. Snow, chief mate of ship Emma," for $150 damages, and $34.04 costs of suit, and on this judgment execution issued from said court March 13, 1874, against " —— Snow, chief mate of ship Emma." The execution was returned to the court by the officer, in due season, wholly unsatisfied, and with a proper return thereon. On July 14, 1874, the plaintiff brought the present action against Atwood, in said Municipal Court. The writ recited the judgment obtained against —— Snow on March 2, 1874, and that "James S. Atwood of said Boston, at Boston aforesaid on the third day of February, A. D. 1874, became bail and surety for the said —— Snow," and proceeded in the usual form of a *scire facias.*

*J. M. Browne,* for the plaintiff.

*T. M. Babson,* for the defendant.

GRAY, C. J. The bond containing the name of Samuel Snow as principal, followed by a blank before the words "as sureties," and signed by Samuel Snow and James S. Atwood, shows upon its face that Atwood must have signed as surety. *Smith* v. *Crooker,* 5 Mass. 538. *Burns* v. *Lynde,* 6 Allen, 305, 308, 310.

*United States* v. *Nelson,* 2 Brock. 64, 70. *Ex parte Fulton,* 7 Cowen, 484. *Stone* v. *Wilson,* 4 McCord, 203. The bond was duly executed by the principal, and it does not appear that Atwood, at the time of executing it, understood that it was to be executed by any other person as surety. *Cutter* v. *Whittemore,* 10 Mass. 442. *Herrick* v. *Johnson,* 11 Met. 26. *Russell* v. *Annable,* 109 Mass. 72. The writ upon which the principal had been arrested is sufficiently identified by the date, the court, the full name of the plaintiff, and the surname of the defendant, although his Christian name, as expressed in the bond, was not inserted in the writ. Atwood was therefore rightly held liable in the present action.                    *Judgment affirmed.*