HIRAM M. BLACKMER *vs.* ELNATHAN DAVIS & another.

Worcester.     Sept. 30, 1879. — June 24, 1880.     ENDICOTT & LORD, JJ.,
absent.

If a contract in writing, purporting to be between two persons, and containing
mutual and dependent stipulations to be by them severally performed, is signed
by them, and also by a third person, in such a manner as not to indicate the
capacity in which he is a party to the contract, no action can be maintained
thereon by one of the parties named in the body of the contract against him
and the other party jointly; and parol evidence is inadmissible to show that he
signed it intending to be bound, and as surety for the other defendant.

CONTRACT against Elnathan Davis and Francis G. Davis, to
recover a balance of $200, alleged to be due the plaintiff, upon
a contract to build a shop. The declaration alleged that the
plaintiff had performed his part of the contract; but the defend-
ants refused to perform their part. Trial in the Superior Court,
before *Dewey*, J., who allowed a bill of exceptions, in substance
as follows:

The plaintiff offered evidence tending to show that he had
some conversation with the defendant Francis G. Davis, with
reference to building a shop; that he made a verbal arrange-
ment with Francis to build the shop, and that Francis then
drew up the following contract: " This contract made and en-
tered into this fifth day of July 1876, by and between Hiram
Blackmer, of Worcester, and Francis G. Davis, of Millbury, wit-
nesseth: First, the said Hiram Blackmer, for himself and his
legal representatives, in consideration of the promise and agree-
ment hereinafter written, hereby covenants and agrees to build
upon land of the said Davis, in Millbury, a frame building in a
good and workmanlike manner, and according to the specifica-
tions hereto annexed; that he will finish said building ready for
painting and plastering on or before October 1st, 1876.   Second,
the said Davis, for himself and his legal representatives, in con-
sideration of the foregoing, hereby covenants and agrees to pay
the said Blackmer upon the completion of said building, accord-
ing to the specifications hereto annexed, the sum of fourteen
hundred and thirty dollars, of which sum the said Blackmer
agrees to take and receive one hundred dollars in carriage-
work."

The plaintiff further testified that the contract was signed by Francis and by the plaintiff, but the plaintiff told him at the time he would not go on under the contract, unless Elnathan Davis, who, as the plaintiff had then learned, owned the land, would sign the contract; that thereupon, and before the contract was delivered, Francis took the contract to Elnathan, his father, who then owned the land, and Elnathan signed the contract, and it was delivered to the plaintiff, who performed his part of it; and that only a part of the contract price had been paid. The signatures to the contract appeared in the following order: "Francis G. Davis. Elnathan Davis. H. M. Blackmer."

The plaintiff offered to show by parol, that the defendants and the plaintiff understood that Elnathan Davis signed the contract intending to become surety to it and be bound thereby, and that all the parties understood that he was so bound and intended that he should be. The judge excluded the evidence.

The plaintiff asked the judge to rule as follows: "1. If the defendant, Elnathan Davis, signed the contract with the under standing between the parties that he should be liable as one of the parties thereto, he is liable by the terms of said contract, and an action can be maintained thereon. 2. Parol evidence is competent to show that it was the intention of the parties that Elnathan Davis should be jointly liable to the plaintiff upon the contract. 3. Upon the evidence, the jury would be warranted in finding a joint written contract between the parties, Francis G. Davis and Elnathan Davis of the one part, and the plaintiff of the other part."

The judge refused so to rule; and instructed the jury that it was immaterial with what intent Elnathan Davis signed the contract, or what the intention of the parties was in relation to it; and that no action could be maintained against Elnathan Davis thereon; that if, after the written contract was made between Francis G. Davis and the plaintiff, Elnathan Davis and Francis G. Davis jointly made a verbal contract with the plaintiff to go on and erect the building specified in the contract and they would pay him for it, and he performed the contract on his part, the defendants were bound to pay him therefor.

The jury returned a verdict for the defendants ; and the plaintiff alleged exceptions.

*F. T. Blackmer*, for the plaintiff.

*J. Hopkins*, for the defendants.

COLT, J.   The action is against the defendants as joint promisors, to recover the balance due upon a contract with the plaintiff to build a shop, which it is alleged had been performed. Under the declaration in this case, the right to recover would be established by proving the performance of either a written or verbal contract with the defendants jointly.   The plaintiff relied on the written contract set out in the bill of exceptions. The plaintiff and Francis G. Davis were the only parties to this contract as originally drawn up.   There was evidence tending to show that the plaintiff refused to go on with the work, unless the other defendant, Elnathan Davis, would also sign the contract ; and thereupon he subscribed his name to it, without any addition to or alteration of its terms, and it was delivered to and accepted by the plaintiff, who then went on and completed the work for which he seeks compensation.   It was with reference to the written contract that all the rulings excepted to by the plaintiff were made.   Under instructions not excepted to, the plaintiff failed to establish an oral contract made with the defendants jointly for the work to be done.

The judge excluded parol evidence offered by the plaintiff to show that all parties understood that Elnathan Davis signed the contract intending to become jointly liable to the plaintiff as surety, and refused to rule that he would be liable if he signed with that understanding.   He also refused to rule that the jury would be authorized from the evidence to find a joint written contract between the two defendants and the plaintiff ; and instructed the jury that it was immaterial with what intent Elnathan Davis signed the contract, or what the intention of the parties was in relation to it.

The correctness of these rulings depends upon familiar rules applicable to the interpretation and validity of all written contracts.   The intention of the parties to such contracts is to be ascertained only from the language used, as applied to the subject-matter and explained by surrounding circumstances.   It cannot be shown by extrinsic parol evidence how the contract

when made was understood by the parties. *Bigelow* v. *Colla-more*, 5 Cush. 226. *Harper* v. *Gilbert*, 5 Cush. 417. *Gould* v. *Norfolk Lead Co.* 9 Cush. 338. The security of the written contract cannot be so impaired; and the evidence offered was properly excluded.

The more difficult question arises upon the refusal of the judge to permit the jury to find that the defendants were by the written agreement joint contractors with the plaintiff; in other words, refusing to rule that, by the terms of the contract, the defendants could be held as jointly liable to the plaintiff. The construction of the contract is for the court. If, after applying all known rules of interpretation, the intention of a party whose name is signed to a contract cannot be ascertained from its terms, then it is a case of incurable uncertainty, and the contract cannot be enforced against him.

In applying the rule which requires that effect be given, if possible, to all parts of a written instrument, courts have in many instances held liable, as parties to the contract, those who have thereto subscribed their names, but are not elsewhere mentioned in it. Several of these cases were cited in the argument.

In *Clark* v. *Rawson*, 2 Denio, 135, a written memorandum for the delivery of property was signed by the contracting party named in the body of the instrument, and by another not named therein. It was executed only by them, and not by the plaintiff, to whom it was delivered. It was decided to be the joint contract of both signers, on the ground that it was evident, without resorting to extrinsic evidence, that such was the intention. The writing in that case, it is to be noticed, contained a promise in favor of the plaintiff only, and the implication is strong in such a case that the one who subscribed without being mentioned in it intended for the benefit of the plaintiff to add the security of his name to the promise.

In *Parks* v. *Brinkerhoff*, 2 Hill, 663, a promissory note, which purported to bind the Fishkill Iron Company alone, was signed by several individuals, and the signatures of the latter alone were held to indicate an intent to be responsible as sureties and joint and several promisors, *ut res magis valeat quam pereat.* So the intent of one to be bound by the terms of an appeal bond

was held to be plain from the fact of his executing it, although not named in the body of the instrument. *Ex parte Fulton*, 7 Cow. 484.

The rule has been repeatedly applied by this court. *Ahrend* v. *Odiorne*, 125 Mass. 50. *Smith* v. *Crooker*, 5 Mass. 538. *Union Bank* v. *Willis*, 8 Met. 504. *National Pemberton Bank* v. *Lougee*, 108 Mass. 371. *Danker* v. *Atwood*, 119 Mass. 146. The principle which governs these cases is, that one who signs and delivers a written instrument, containing a distinct promise to the party to whom it is delivered, must be presumed to have intended to bind himself to the performance of the promise. It applies to cases where the contract is unilateral, and contains promises only in favor of the party to whom it is delivered, or in whose favor it is made.

The difficulty in applying it to the instrument here produced is, that this is a contract containing mutual and dependent stipulations between the original parties named in it. The plaintiff agrees to build a shop for Francis G. Davis, and the latter agrees to pay the plaintiff for it. The signature of Elnathan Davis appears at the bottom between the signatures of the original parties. There is nothing in the contract showing any consideration affecting him, or inducing him to become a party, or showing relations to either party which should lead to the inference that he was a surety for and joint promisor with one rather than the other original party. In the absence of parol evidence, no inference arises one way or the other. It is not enough that the two defendants bear the name of Davis. And all that can be said is, that, if Elnathan intended to become a joint promisor with Francis G. Davis, then the written agreement fails to show it. The case before us stands upon the construction of the written instrument only, not upon the question whether there was evidence in connection with it to go to the jury, showing an independent oral joint contract to perform the stipulations contained in it. *Exceptions overruled.*