STATE ex rel., &c., DAVID HOWELL v. ROBERT PARSONS and others.

*Notes and Bonds.*

Parties who subscribe thier names as obligors to a bond are bound by its stipulations, whether their names are inserted in the body of the instrument or not.

(*Vanhooks* v. *Barnett*, 4 Dev., 268, cited and approved).

CIVIL ACTION tried at Spring Term, 1882, of ASHE Superior Court, before *Avery, J.*

A trial by jury was waived, and it was agreed that the judge might try all issues of law and fact. The court found the following facts.

Robert Parsons was regularly appointed clerk of the superior court of Ashe county by J. L. Henry, Judge, to fill the unex-

pired term of Joseph B. Parsons, who died in 1868, and said Robert acted and discharged the duties of his office till the fall of 1874. He filed his official bond, dated September 2d, 1872, which was signed by Robert Parsons, Peter Eller, Abraham Miller, William Parsons, John Osborn and Jacob Roten, and in the obligatory part of the bond the names of Robert Parsons, Peter Eller and Abraham Miller are only mentioned, and a blank left for other names.

A petition was filed at the spring term, 1867, of the court of equity for Ashe county by the heirs of Amos Howell for the sale of certain lands of said Howell for partition. In pursuance of an order of sale made at said term, the land was sold, and report of sale, made to the fall term of said court of equity by the clerk and master, and confirmed. William Howell and R. T. Hardin executed their note for $667, for the purchase money to the clerk who sold the land. After the courts of equity were abolished, the clerk and master turned over the whole to Robert Parsons and took his receipt therefor as clerk.

The plaintiff is one of the heirs-at-law of the said Amos Howell, and all the other heirs-at-law received in full their portion of the fund arising from said sale before this action was brought. The said Robert Parsons received two hundred and fifty-five dollars from the obligors in said bond for the purchase money, for which he failed to account.

The agent of the plaintiff demanded the amount due plaintiff of said Robert Parsons after he received the same, about the last of the year 1874, and he failed to pay the same to the plaintiff or to the clerk, his successor, and soon thereafter left the state.

The defendants are the sureties of the said Robert Parsons on his official bond as clerk, and executed and delivered the same in the presence of the witness whose name is signed as witness thereto.

The defendants' counsel insist:

1. That none of the defendants are liable by virtue of said bond for the said default of Robert Parsons, because it does not

appear that the names of all the defendants appear in the body of the bond.

2. That if any of the defendants are liable, only Peter Eller and Abraham Miller, whose names are inserted in the body of the bond, lawfully executed the same, and the plaintiff can only recover against the two sureties named.

The court held that all of the defendants were bound as sureties and rendered judgment against them, from which they appealed.

*Mr. J. W. Todd*, for plaintiff.
No counsel for defendants.

Ashe, J.    When parties subscribe their names as obligors to a bond in the presence of a witness or acknowledge their signatures to him, and he is called upon to witness the instrument as their act and deed, they are bound by all the stipulations in said bond whether their names are set forth in the body of the instrument or not, in the absence of any agreement at the time of its execution that they are not to be bound, unless certain conditions are complied with.    Here, the bond was signed and delivered by all the defendants with the understanding, and the legal intendment, that they were to be bound for the performance of all duties required by law of their principal in said bond; and to sustain their defence to this action would be to allow them to escape liability upon a most flimsy technicality.

The facts in the case of *Vanhooks* v. *Barnett and others*, 4 Dev., 268, are very similar to those in this case.    There, a new trial was moved for at the instance of Barnett, one of the defendants.    His name was not mentioned in the body of the bond, nor did the bond begin with the words, " We are held and firmly bound to R. V., &c.," but it began thus: " Know all men by these presents, that John Garner, Carey Williams and Richard H. Burton are held and firmly bound unto R. V., &c."    At the bottom of the paper were the signatures and seals of Garner,

Williams, Burton and Barnett.    In the body of the printed form there had been a blank left for the insertion of the names of the obligors, and the name of Barnett had been omitted in filling up the blank.    This court held that Barnett by signing and sealing the instrument became bound in the bond if it was afterwards delivered.

An adjudication in the state of New Hampshire is in perfect accord with that of this court.    In *Pequawkett Bridge* v. *Mathes,* 7 N. H., 230; 26 Am. Decisions, 737, it has been held, that it is not necessary that the names should appear in the bond.    If the obligors, in witness of their obligations to perform certain covenants and conditions, have affixed their hands and seals to the instrument, it is sufficient to bind them.

The question, we think, is fully settled by these authorities, and our conclusion therefore is, that there is no error, and the judgment of the superior court must be affirmed.

No error.                                                    Affirmed.