Dickman, J.
The first question presented for our consideration is, was it material to the validity of the bond, as against the sureties, that they should be named in the body of the instrument. It is clear from the terms of the instrument, that it was the intention to hold and firmly, bind those who might duly execute it. In Partridge v. Jones, 38 Ohio St. *673 375, it is held that to charge one as obligor, who has signed a bond or written undertaking, it is not necessary that his name should appear in the body of such instrument, provided the intention that he shall be so charged appears clearly from its terms, taken in connection with the circumstances attending its execution. And the language of Brinkerhoff J. in Stevens v. Allmen, 19 Ohio St. 485, indicating a contrary rule, has been disapproved in McLain v. Simington, 37 Ohio St. 484. Indeed the principle is established by numerous adjudications, that if a surety, in witness of his obligation to perform certain covenants and conditions, has affixed his hand and seal to the instrument, and delivered it as his bond, it is adequate to bind him, although his name is not mentioned in any part of the body of the bond, but a blank intended for it is left unfilled. Howell v. Parsons, 89 N. C. 230; Vanhook v. Barnett, 4 Dev. (Law), 268; Danker v. Atwood, 119 Mass. 146; Ahrend v. Odiorne, 125 Mass. 50; Scheid v. Liebshultz, 51 Ind. 38.
The Building association, by virtue of the act of May 5, 1868 (65 Ohio L. 137), was organized as provided in sections 63, 64 and 65 of the act of May 1, 1852 (S. & C. 304); and section 64 provides that the officers appointed by the directors of the corporation, shall, “ when required by the by-laws, give bond to the satisfaction of the directors, for the faithful discharge of the trust committed to them.” It is contended that by the word bond, as used in the statute, is to be understood a common law bond, with its most indispensable characteristic, a seal, and not an undertaking as provided for in the code, and which is not required to be under seal. It is claimed that although S. G. Cummings and F. Kuhn signed the instrument, there being no seal or scroll affixed to either of their names, it is not their bond, and therefore they are not liable as sureties.
There is but one seal to the bond signed by the defendants in error; but, it is not essential that there should be as many separate seals annexed to a bond as there are signers, as two or more among any number of signers may adopt one seal, *674 whereby the obligation will become an instrument sealed by all. As it was said in Lord Lovelace’s Case (Sir. Wm. Jones, 268): “If one of the officers of the forest put one seal to the rolls, by assent of all the verderers, regarders, and other officers, it is as good as if every one had put his several seal, as in case divers men enter into an obligation, and they all consent and set but one seal to it, it is a good obligation of them all.” See Perkins, sec. 134; Shep. Touch. 55; Ball v. Dunsterville, 4 T. R. 313; Mackay v. Bloodgood, 9 John. 285; New Orleans, etc. R. R. Co. v. Burke, 53 Miss. 200, 231.
It is argued that one seal may be adopted by several signers only when the names of all are inserted as obligors in the body of the instrument; but we do not think that the rule is to be thus limited, nor is the rule to be treated as inapplicable to the class of instruments denominated official bonds. In Pequawkett Bridge v. Mathes, 7 N. H. 230, the bond declared on was signed by the four individuals who were defendants in the suit, and also by Young who was the last signer; but there were only four seals affixed to the signatures, and Young’s name was not mentioned in the bond, though it appeared to have been once inserted, and to have been afterwards erased. But the bond contained the usual allegation, “ sealed with our seals,” and the court was of opinion, that when Young put his name to the instrument, he must be considered as having adopted one of the seals already affixed.
And in Bradford v. Randall, 5 Pick. 496, an assessors’ warrant was made out and signed by the assessors, with one seal affixed while they were together, and concluding with, “ given under our hands,” without adding “ our seals.” The court drew a distinction between private deeds and warrants executed by virtue of some special authority, holding it necessary in the latter case that the authority should be strictly pursued. Morton,.J., says: “ This brings us to the inquiry whether this warrant was sealed in the manner required by the statute. Assessors have no common seal. And the form of the warrant given in the statute clearly indicates that it should be under their several seals as well as signatures. But it contains no indication that their seals shall be on sep *675 arate pieces of wax or wafer, any more than that they shall be on the same. The initials L. S. used in the form, may at least as well stand for locus sigillorum as for loci sigillorum.” See also Bank of Cumberland v. Bugbee, 19 Me. 27, an action of debt on the bond of a bank cashier; and Northumberland v. Cobleigh, 59 N. H. 250, an action of debt on the bond of the defendant, as collector of the plaintiff town.
Did the defendants in error adopt the seal or scroll affixed to the name of J. G. Meuser ? Whether they did or not, was a question of fact for the jury, to be determined upon proper issue joined, the burden being on the plaintiff to show the adoption. The defendants did not raise an issue of fact by plea of non est factum, or by answer denying that they sealed the writing sued on, but demurred to the petition, and admitted all allegations well pleaded. It was held in Northumberland v. Cobleigh, supra, that when the bond contains the usual attestation clause, “sealed with our seals,” the law will intend that all the signers adopt one seal. And in Bohannons v. Lewis, 3 T. B. Mon. 376, the language of the court is, “ When an instrument with one seal and two or more signers, is alleged to be sealed by all, the court on demurrer is not authorized to infer from there being but one seal, and f.wo or more signers, that but one in fact sealed the instrument; and the party who contends that it is not his' seal, must reach the fact by way of plea, controverting the allegation ; and as one seal may be the seal of many signers, the court, from the bare inspection of the paper and declaration cannot decide that it is the segl of one only.”
It is alleged in the original petition that J. G. Meuser, S. G. Cummings and E. Kuhn, “made their certain‘ writing obligatory ” ; that it was given by Meuser to and accepted by the board of directors of the Building Association. The bond itself sets forth that the obligors thereby bound themselves, their heirs and legal representatives — with the recital added, “ sealed with our seals.” The petition further alleges that Meuser, after his election as secretary and before entering upon the trust, executed his bond, with the defendants Cummings and Kuhn as sureties; and that by the terms and coir *676 ditions of the bond, the defendants bound themselves in the sum of $6,000 that Meuser should faithfully perform the duties pertaining to the office of secretary of the association, etc. The language of the bond, -when considered in connection ‘with the allegations of the petition, may reasonably be said to imply that the instrument was sealed by all who signed it. The error assigned in Penson v. Hodges, Cro. Eliz. 737, was, that the plaintiff declared that the defendant “ acknowledged himself bound by his writing obligatory,” without saying, “ sealed with his seal.” Gowdy, J., said, that the declaration was well enough, for when the plaintiff saith, “ by his writing obligatory he acknowledged himself to be bound,” all necessary circumstances are intended to concur, viz., the sealing and delivering of the deed; for otherwise it is not a writing obligatory. The declaration in Denton v. Adams, 6 Vt. 40, did not, in terms, allege that the bond was signed and scaled, but it declared on the defendant’s writing obligatory. These words, it was held, imply in law a deed, and include sealing. And Sargeant Williams in his notes to Saunder’s Rep., vol. 1, p. 291, says that there are some words of art, such as writing obligatory, which of themselves, import that the instrument was sealed by the party, without an averment of sealing. “ If therefore the declaration states that J. S. by his writing obligatory acknowledges, etc., without averring that he sealed, still the declaration is good.” See also Ashmore v. Rypley, Cro. Jac. 420. In Hollis v. Pond, 7 Humph. (Tenn.), 222, there were four seals to the bond, and nine signatures. The declaration alleged that all the parties sealed the covenant. The defendants craved oyer of the covenant and demurred. It was the opinion of the court that where there is a greater number of signatures than seals, it must be doubtful on the face of the paper’, whether it be not the deed of all the parties; but the probability that it is the deed of all, is increased where the instrument uses the words, “ witness our hands and seals,” which may be looked to as a circumstance to explain the intention of the parties. “ But,” says Green, J., “ to have sustained the demurrer would have excluded all investigation as to the question, whether the par *677 ties adopted the seals of other obligors; and would have been a determination that they did not. This the court should not do, where the question is doubtful, and must depend on proof. The demurrer was, therefore, properly overruled.”
The case as reported, shows no conflict between the decision in Stevens v. Allmen, supra, and the views we have advanced in reference to the sealing of bonds. We find no copy or full déscription of the obligation upon which the action against Allmen was founded, and can not, therefore, determine whether its language would import that the bond was sealed by all who signed it. Indeed, it does not appear in the case, that the question as to the adoption of the seals of the original sureties by the subsequent signers, was in any manner presented or considered.
And it is proper here to observe that whether, upon all the allegations in the original petition there should not have been an issue of fact for the jury as to the adoption or otherwise by S. G. Cummings and E. Kuhn of the seal opposite the signature of J. G. Meuser, is a question which, as we are advised, was not urged upon or considered by the circuit court, in affirming the judgment of the court of common pleas and sustaining the demurrer to .the petition.
It is urged in argument that it is not directly averred in the petition that the money came into Meuser’s hands by virtue of his office as secretary, nor, that there was a failure to deposit the money in bank within twenty-four hours of receiving it, and that, therefore, the demurrer was properly sustained. We think it unmistakably appears, from allegations in the petition, that the sum of $2,488, was received by the secretary between April 6, 1880 and January 20, 1881, in his official capacity; and that the assignment of breach of condition in the bond was sufficiently certain to show the subject matter of complaint, and to apprise the defendants what they were called upon to answer. State v. Caffee, 6 Ohio, 150.

Judgment of the court of common pleas and circuit court reversed, and cause remanded.