ARMOUR FERTILIZER WORKS v. CHARLES McLAWHORN.

(Filed 28 February, 1912.)

1. Vendor and Vendee—Fertilizer—Deficient in Quality—Measure of Damages—Interpretation of Statutes.

When it is ascertained by analysis of the Department of Agriculture that fertilizer sold by a manufacturer was deficient in quality, the damages sustained is the difference in the price of the fertilizer actually sold and what it should have been. Revisal, sec. 3949.

2. **Same—Damages to Crop—Evidence Speculative.**

A user of fertilizer of a deficient quality, furnished by a manu-facturer, cannot recover damages for an alleged inferiority of his crop on that account; and evidence that where other ferti-lizers had been used the crop was better, is inadmissible, as it involves soil and weather conditions, cultivation, and other mat-ters of a speculative character.

3. **Vendor and Vendee—Fertilizer—Deficient in Quality—Duty of Vendee—Measure of Damages.**

After a user of fertilizer has been informed by the Department of Agriculture that the fertilizer furnished by the manufacturer is deficient in quality, it is his duty to buy fertilizing material or ingredients to make good the deficiency, and, upon his failing to do so, an abatement in the price by reason of the deficiency is his measure of damages.

4. **Contracts, Written—Fertilizer—Representations—Parol Evidence.**

Evidence of a parol agreement that a purchaser of fertilizer was to pay nothing for it if the vendor's representations were not found to be true upon analysis of the Department of Agricul-ture, is inadmissible to contradict the written contract of sale subsequently and unconditionally executed.

APPEAL by defendant from *Carter, J.,* at September Term, 1911, of PITT.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*L. I. Moore and Harry Skinner* for plaintiff.

*F. G. James & Son, F. C. Harding, and Albion Dunn* for defendant.

CLARK, C. J. Under a written contract with the defendant as a *del credere* agent, the plaintiff shipped him certain fertilizers at prices specified in said contract, which the answer admits that he duly received. The defendant used a portion of these fertilizers himself, sold some to his tenants and a large portion to other persons. For nearly all that which he sold he has col-lected payment, except from his relatives, who are solvent. The fertilizers were analyzed by the Agricultural Department at the request of the defendant and a small deficiency in quality found, for which the defendant has received the proper abate-ment in price.

The defendant assigns twenty-four errors, but in his brief abandons the first five and groups the other assignments into four classes. The first class, consisting of the 6th, 19th, and 20th assignments of error, are to the holding of the judge, upon the pleadings, that no defense was open to the defendant except to show total failure of consideration. The deficiency in value was allowed him in abatement of price. The claim of consequential damages resulting in the alleged shortage in his crop was properly disallowed by the court. *Carson v. Bunting,* 154 N. C., 532, where the Court holds that the measure of damages is in the abatement of the price, as is also provided by Revisal, 3949.

Assignments of error 8, 9, 10, and 11 are to the refusal of the judge to allow defendant to prove on the question of damages the difference in the looks and nature of crops on different farms on which this fertilizer was used, and the crops under which he used other fertilizers. This is essentially the same point as one above discussed. To consider the variety of soil and attendant circumstances would be purely speculative. The only pertinency of such evidence would be the inference that the ingredients were not as represented. This would be too remote, depending upon the nature of soil, weather, cultivation, and the like. The best evidence is the analysis by the Agricultural Department. When the defendant ascertained therefrom the deficiency in the quality of the fertilizers, it was his duty to have bought fertilizing materials or ingredients to make good the deficiency. Not having done so, he can properly claim only the abatement of the price by reason of such deficiency, and that he has been allowed.

Assignments of error 7 and 15 are to the refusal of the judge to allow defendant to prove that at or before the time he signed the contract it was agreed that if the analysis of the Department of Agriculture should show that the fertilizer did not come up to the representations as to the quantity of each ingredient set out in the contract he should not pay anything. In *Walker v. Venters,* 148 N. C., 388, it is said: "It is true that a contract may be partly in writing and partly oral (except when forbidden by the statute of frauds), and in such case the oral part

of the agreement may be shown. But this is subject to the well-established rule that a contemporaneous oral agreement shall not contradict that which is written. The written word abides." This has been cited with approval in *Bowser v. Tarry,* 156 N. C., 38. If the alleged oral contract was prior to the writing, the latter governs.

Assignments of error 12 and 13 are because the court sustained the plaintiff's objection to the defendant giving his reasons for refusing to execute his notes or pay the claim of the plaintiff. These are not pressed by the defendant in his brief, which states that the ruling of the court upon the other exceptions renders it unnecessary.

The defendant relies strenuously upon *Pratt v. Chaffin,* 136 N. C., 350. But we do not think that case is in point. There it was in evidence that the contract was not to be effective until it had been approved by another party, and hence the contract was incomplete until this condition precedent was complied with. In this case, the defendant undertakes to sustain the proposition that the terms of the contract which required him to pay so much money per ton can be contradicted by a prior parol agreement that he was not to pay anything at all unless the ingredients came up to the full analysis set out in the contract. The court properly held that he could not show such agreement to contradict the written contract, and that his remedy was to abate the price to the extent of the deficiency, and that he could only defeat recovery altogether by showing a total failure of consideration.

No error.