S. T. CARSON v. NATIONAL LIFE INSURANCE COMPANY AND GEORGE BRILEY.

(Filed 11 March, 1914.)

1. **Appeal and Error—Second Appeal—Former Decision.**
    Upon a second appeal, the Supreme Court will not rehear and reconsider the questions determined on the former appeal.

2. **New Trial—Newly Discovered Evidence—Requisites.**
    A motion for a new trial for newly discovered evidence will not be granted when it appears that it was accessible at the trial to the appellant by the exercise of proper diligence; that it was cumulative, and that a new trial would not probably produce a different result.

APPEAL by plaintiff from *Daniels, J.,* at January Term, 1914, of PITT.

*Julius Brown and S. I. Everett for plaintiff.*
*Albion Dunn and Harry Skinner for defendant.*

WALKER, J. It appears from the record that this appeal was taken for the purpose really of reviewing the former decision

of this Court in the same case. 161 N. C., 441. The facts are substantially identical and the points raised by the exceptions of plaintiff, who appealed, are so closely analogous as not to be distinguishable. When this is the case, we follow the former decision, which cannot be thus reviewed by a second appeal. *Bank v. Furniture Co.,* 120 N. C., 475. The matters now presented were then carefully considered and decided upon full deliberation, and we abide by the conclusion reached at that time. On the second trial below, the learned judge followed strictly the principles which we had said should govern the case, and we find no error in any of his rulings.

The motion for a new trial, upon the ground of newly discovered testimony, is denied, for the reason that plaintiff has not brought his application within the terms of the rule applicable to such cases. The proposed testimony is cumulative, and it does not appear to us probable that it would cause a reversal of the verdict if a new trial were granted. There is evidence to show that it was accessible to plaintiff by the exercise of proper diligence. For these reasons, and others, which might be stated, the application does not impress us so favorably as to induce the exercise of our sound discretion in plaintiff's behalf. *Johnson v. R. R.,* 163 N. C., 431, and Clark's Code (3 Ed.), pp. 518, 519, and cases there noted. Plaintiff has had two chances, and a third, under our ruling as to the law, it seems, would be of no avail to him.

No error.