## Roop *against* Rogers.

An officer having executions in his hands against a firm and also against the separate partner, sold the firm's property to an amount more than sufficient to pay the executions of the joint creditors : Held, that he might apply the residue to the payment of the executions of the separate creditors.

ERROR to the common pleas of *Dauphin* county.

Action on the case for money had and received by Richard Rogers and Robert B. Rogers, trading under the firm of R. & R. B. Rogers for the use of Samuel Grubb against Peter Roop. The defendant, Peter Roop, as constable had executions in his hands against R. & R. B. Rogers as partners, to the amount of 200 dollars; and at the same time had executions against Robert B. Rogers to the amount of 233 dollars and costs. He levied upon the partnership property and sold it, to an amount exceeding 400 dollars. On the day of sale Richard Rogers gave notice to Roop not to appropriate the proceeds of sale, after paying the executions against the firm, to the executions in favour of the separate creditors of Robert B. Rogers; but he did thus appropriate the money. The plaintiffs alleged that they had assigned this residue to Grubb to pay a debt which the firm owed him, and this suit was brought to recover it.

The court below thus charged the jury :

" Defendant, a constable, levied and sold by virtue of executions against R. & R. B. Rogers, personal property, as the goods of R. & R. B. Rogers. The goods sold for more than the amount of the executions against R. & R. B. Rogers. This suit is brought to recover the surplus. Defendant had in his hands executions, also, against Robert B. Rogers, on account of which he claims to retain the surplus. The plaintiffs allege, that the firm was indebted to Grubb, and that the surplus belongs to the firm, and is first applicable to the payment of the firm's debts, after which the balance is to be equally divided between the two partners. That defendant is only entitled to retain Robert B. Rogers's share of that balance on account of the executions against him. The surplus, arising from sale of the property of the firm, belongs to the firm. Only the share of one of the partners, after payment of the debts of the firm, can be seized by virtue of executions against one of the partners. If the money in defendant's hands arose from sale of the goods of the firm, and if it appears the firm was indebted to Grubb, the plaintiffs are entitled to recover sufficient to pay the debt due to Grubb, and the share of Richard Rogers in the balance.

" If you should be of opinion that the firm was not indebted to Grubb, then the surplus remaining after deducting the amount of exe-

v.—z

cutions against the firm, and the expenses of levy and sale, and the money paid for keeping the cattle, is to be equally divided between Richard and Robert B. Rogers. The plaintiffs are entitled to recover the share of Richard, and defendant is entitled to retain Robert's share on account of the executions in defendant's hands against Robert alone.

*Parke* and *Johnston*, for plaintiffs in error, cited Black *v.* Marvin, 2 *Penns. Rep.* 138; 1 *Whart. Dig.* 398; 4 *Taunt. Rep.* 752; 8 *Con. Rep.* 134; 3 *Stark.* 1241; Dower *v.* Stauffer, 1 *Penns. Rep.* 198.

*M'Cormick* and *Roberts*, contra, cited 1 *Mad. Chan.* 94; 2 *Harr. Dig,* 1123; *Wat. on Part.* 74, 229, 238; Bell *v.* Newman, 5 *Serg. & Rawle* 86; 2 *Penns. Blac.* 329, 330.

PER CURIAM.—In the absence of proof, an officer is presumed to have done his duty. The money in the constable's hands was made on executions in favour of joint and separate creditors; and the presumption is, that he sold the entire interest of the firm in a sufficient portion of the property to answer the partnership debts, and the separate interest of the particular partner in the residue to answer his separate debts. In that aspect, the constable was entitled to retain in order to satisfy the separate executions.

Judgment reversed.