SIMON AHREND *vs.* GEORGE F. ODIORNE & others.

Suffolk.    March 8. — July 18, 1878.    COLT & SOULE, JJ., absent.

In an action against the principals and a surety on a bond, executed in the name of a firm by one of two partners named as principals, and by the surety, the default of the principals is an admission of the due execution of the bond by the firm, which the surety cannot controvert.

If a person signs a bond as a party thereto, it is immaterial that he is not named in the bond.

CONTRACT against George F. Odiorne, Retire C. Sturges, George Odiorne, K. W. Baker, William Maxson and Alexander Irving, upon a bond in the sum of $40,000, executed to the plaintiff, in which Sturges and George F. Odiorne, doing business under the name of R. C. Sturges & Co., were named as principals, and Maxson and Irving as sureties, and conditioned that the principals should build a certain vessel and perform a certain contract.    The bond was signed by "R. C. Sturges & Co.," Maxson & Irving, George Odiorne and K. W. Baker.    George Odiorne alone defended.    The other defendants were defaulted.

At the trial in this court, before *Lord*, J., George Odiorne offered evidence tending to prove that he did not sign the bond intending to be bound as a party thereto, and that no seal was on the bond against his signature at or about the time when he signed his name.    The plaintiff then offered evidence tending to show that a seal was affixed at the time the signature was made.

The defendant George Odiorne asked the judge to rule that the bond was not his bond, and that it was inoperative and void as against him for the following reasons : 1. The execution of it by the principals was by Sturges, and there was no evidence tending to show that there was previous authority or subsequent ratification by the other partner.    2. The name of George Odiorne was not contained in the bond, and there was no evidence

tending to show that it was omitted by accident or mistake. The judge declined so to rule.

The jury found specially that, at the time the defendant George Odiorne signed the instrument, there was a seal upon it against his signature; that he signed it, intending his signature to be attached to a sealed instrument, and intending by his signature to sign as a party to the instrument.

The judge thereupon directed the jury to return a verdict for the penalty of the bond; and the defendant alleged exceptions.

*G. Odiorne*, pro se.

*R. M. Morse, Jr.*, for the plaintiff.

AMES, J. The objection that Sturges had no authority to sign the bond in the name of the firm, and thereby to bind his partner, cannot avail the defendant George Odiorne. Both of the partners are defendants in this suit, and their default is an admission that the instrument declared upon was duly executed by them. It must be taken, therefore, as a fact in the case, that the signature by Sturges was affixed to the bond, either with the previous authority or subsequent ratification of his copartner, a circumstance which distinguishes the case from *Russell* v. *Annable*, 109 Mass. 72.

The bond was signed and sealed by the defendant, and was delivered to the obligee in that condition. The jury have found that he signed it as a party to the instrument. Under such a state of facts, it is immaterial that he was not named in the bond itself as a party. *Smith* v. *Crooker*, 5 Mass. 538.

*Exceptions overruled.*