Longworth, J.
Although differing somewhat in form from the undertaking whose sufficiency was questioned in McLain v. Simington, 37 Ohio St. 484, we think the principle of that decision establishes the character of the undertaking now before us. It is enough in any written contract that the intent of the party clearly appear, though it be not fully and particularly expressed. In Kursely v. Shenberger, 5 Watts, 193, it was said: “ If ever there was a time when courts listened to trivial and verbal inaccuracies in contracts, when the real meaning and intention of the parties was plain, that time has gone by, and the only object of the court is, that, when the meaning and intention of the parties are perfectly plain, no gram *378 matical inaccuracy, or want of the most appropriate words, shall render the instrument unavailing.”
In Ahrend v. Ordione, 125 Mass. 50, it was held, that when one signs a bond, as a party thereto, it is immaterial that he is not named in the bond.
“ A bond was, ‘ I, William Bush, am held, etc. . . , to which judgment, etc., . . I do bind myself, my heirs, etc., and every of them . . Sealed with my seal, etc.,’ with condition ‘the said William Bush’ should account for money received as collector of school taxes, etc. The bond was signed and sealed by Bush and four others. Held, that it was the joint and several bond of all.” Leath v. Bush, 61 Pa. St. 395. See also Shud v. Leibshultz, 51 Ind. 38.
It would be a waste of space to attempt to review the cases upon this subject. Their current is uniform. Those instances in which it has been held that the signer was not bound will be found to be cases in which the language of the instrument was such as was thought to exclude the idea of liability, as where a bond recites that: “We, A. and B. are held,” &e., and is executed by A., B. and C. Here the pronoun “ we ” is declared to refer to A. and B., and there are said to be no words to indicate any intention that C. shall be bound. Such intention must be gathered from the whole instrument, taken in connection with the circumstances of its execution, and cannot be supplied by parol.
The language of Brinkerhoif, J., in Stevens v. Allmen, 19 Ohio St. 485, indicating a contrary rule, has already been commented upon, and disapproved in McLain v. Simington, supra.

Judgment affirmed.