· (67 Misc. Rep. 394.)

ELECTRIC CARRIAGE CALL & SPECIALTY CO v. HERMAN et al.

(Supreme Court, Appellate Term.   May 24, 1910.)

1. EVIDENCE (§ 459*)—PAROL EVIDENCE—AMBIGUOUS CONTRACT.

A contract signed by a person whose name does not appear in the body of the contract is ambiguous on its face as to the capacity in which such person intended to bind himself, if at all, and parol evidence of the surrounding circumstances or conversations had at or prior to the time of his signing the instrument is admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2109, 2114; Dec. Dig. § 459.*]

2. EVIDENCE (§ 424*)—PAROL EVIDENCE—VARYING TERMS OF WRITTEN INSTRUMENT.

The rule that parol evidence is inadmissible to vary or contradict a written contract which is conclusive on the parties applies only to controversies between the parties to the instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1966–1968; Dec. Dig. § 424.*]

3. EVIDENCE (§ 156*)—EVIDENCE INADMISSIBLE BECAUSE OF EXCLUSION OF SIMILAR EVIDENCE OF ADVERSE PARTY.

Where a person, signing a contract in the body of which his name did not appear, was sued on the contract, and successfully objected to parol evidence of plaintiff as to the conversations prior to his signing the contract, he could not complain of the exclusion of parol evidence offered in his behalf to show the circumstances under which he signed the instrument.

[Ed. Note.—For other cases, see Evidence, Cent Dig. § 459;  Dec. Dig. § 156.*]

4. CONTRACTS (§ 35*)—PARTIES LIABLE.

One who is not named in the body of a contract, but who signs his name thereto before delivery, is liable as a party thereto.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 185;  Dec. Dig. § 35.*]

5. APPEAL AND ERROR (§ 843*)—QUESTIONS REVIEWABLE—IMMATERIAL QUESTIONS.

Where a proposal, stating the terms and conditions for the doing of specified work, was addressed to one person, and a third person signed an acceptance thereof, the question whether the third person was a principal or a guarantor will not be determined on appeal, since his liability as principal or as guarantor of performance would be the same.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341;  Dec. Dig. § 843.*]

6. APPEARANCE (§ 24*)—EFFECT—DEFECTS IN SUMMONS—WAIVER.

A defendant, appearing without objection to an erroneous name in the summons, waives the defect, and the court may correct the summons.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118, 120;  Dec. Dig. § 24.*]

7. COURTS (§ 189*)—MUNICIPAL COURTS—CORRECTION OF JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) § 282, requiring the clerk of the court to conform to the directions of the court, an erroneous entry of a judgment may be corrected, so as to conform to the judgment rendered by the court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Electric Carriage Call & Specialty Company against Martin Herman and another. From a judgment for plaintiff, defendant Martin Herman appeals. Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Mortimer Fishel, for appellant.

Charles L. Hoffman (Henry A. Friedman, of counsel), for respondent.

PAGE, J. This was an action brought to recover the sum of $361 on two causes of action; the first as a balance due for the installing of a certain electric sign at the New Empire Theater at Waterbury, Conn., and the second for 700 electric lamps. A written contract was received in evidence, under the first cause of action, which is in the form of a proposal, stating the terms and conditions under which the sign was to be installed, addressed to one W. A. Miller, and signed by the Electric Carriage Call Company, and accepted on the bottom thereof as follows:

"After reading the above contract, the same is agreed to and accepted this 2d day of April, 1909, and receipt of a duplicate thereof is hereby acknowledged."

Signed [in ink]: "The Electric Carriage Call Co., per M. Norden. [L. S.] W. A. Miller. [L. S.]" and at the side "Witness" stricken out, and underneath in lead pencil is written: "O. K. Martin Herman." The said Herman's name does not appear in any way in the contract.

There can be no question but that the doubt or ambiguity on the face of the instrument as to the capacity in which Herman intended to bind himself, if at all, could be resolved by parol evidence as to the surrounding circumstances or conversations had at or prior to the time of his affixing his name. Esselstyn v. McDonald, 98 App. Div. 197, 200, 90 N. Y. Supp. 518; Knowles v. Cuddeback, 19 Hun, 590, 592. And, had defendant's counsel been consistent throughout the trial, we would have given consideration to the exceptions taken by him to the exclusion of the evidence of Herman on this point. When plaintiff's counsel asked:

"Q. I ask you what conversation took place between you and Mr. Herman, the defendant in this case, prior to his putting on the paper just marked in evidence the letters 'O. K.' and his signature underneath?"

—defendant's counsel, with more zeal than discretion, objected on the ground "that all conversations are merged in this paper, if this is the contract sued upon, and he is endeavoring by this testimony to vary a written instrument," and then moved "to strike out the prior testimony in reference to a conversation between this witness and defendant Herman, on the ground that the conversations are merged in a written instrument," which motion was granted.

Defendant thereby assumed the position that Herman was a party to the contract; for it is fundamental that:

"The rule of evidence that makes a written contract conclusive proof of what the parties have agreed to, thus merging into it all prior parol negotia-

tions, and which rejects parol proof to vary or contradict the writing, or its legal import, applies only to controversies between the parties to the instrument." Folinsbee v. Sawyer, 157 N. Y. 196, 199, 51 N. E. 994.

The plaintiff acquiesced in this position of the defendant's counsel, and did not seek to give any further evidence on this point. But, when the defendant was on the stand, defendant's counsel asked him:

"Will you take that Plaintiff's Exhibit 1, and look at your signature upon that, and tell us the circumstances under which your signature was placed there?"

And again:

"Were you asked to witness that signature?"

And upon the exception taken to the rulings sustaining the objections he asks a reversal of the judgment. The questions were clearly incompetent, if Herman was a party to the contract and could invoke the protection of the parol proof rule as against plaintiff's efforts to show conversations between the parties at the same time. A party cannot take one position when his adversary is offering evidence, and obtain its exclusion, and then claim that he should be allowed to give exactly the same evidence when the case is with him. A contrary decision would seem to violate the maxim, "Audi alteram partem," which lies at the very foundation of all regulated and intelligent judicial inquiry. McCormack v. Mandelbaum, 102 App. Div. 302, 304, 92 N. Y. Supp. 425.

The defendant was properly held liable on the contract. A person who is not named in the body of an instrument, and signs his name thereto before delivery, is to be held liable as a party to the contract. "This is considered to be an application of the rule which requires effect to be given to all parts of a written instrument." Esselstyn v. McDonald, supra. See, also, Standard Underground Cable Co. v. Stone, 35 App. Div. 62, 64, 54 N. Y. Supp. 383; McCaughey v. Smith, 27 N. Y. 39; Knowles v. Cuddeback, 19 Hun, 590.

The further fact appears that the defendant gave his own check for the payment required to be made on execution of the contract. It is not necessary to consider whether the defendant became a principal or a guarantor, as in the latter case he would guarantee performance. His liability would be the same. Knowles v. Cuddeback, supra; Murphy v. Hart, 122 App. Div. 548, 107 N. Y. Supp. 452. There are no other exceptions that require discussion.

The court did not err in correcting the summons and judgment. The defendant, having appeared without objecting to the erroneous name in the summons, waived that defect, and the judgment rendered by the court was correct, and the entry thereof by the clerk was erroneous, and not in conformity with the judgment. Municipal Court Act (Laws 1902, c. 580) § 282, provides:

"It shall be the duty of the clerk of the court in each district: * * * (8) In the performance of his duties to conform to the directions of the court."

Having failed to do this, the court had power to direct him to do so. The judgment became effective when filed with the clerk, and his

mistake could not operate to the prejudice of the parties. Vilas v. Page, 106 N. Y. 439, 455, 13 N. E. 743.

The judgment should be affirmed, with costs to the respondent. All concur.