## FEDERAL SIGN SYSTEM v. BERGER.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. EVIDENCE (§ 404*)—PAROL EVIDENCE—WRITTEN CONTRACT—CAPACITY OF PARTY—GUARANTY.

Plaintiff sued defendant as guarantor on a written lease made by G. with plaintiff for the use of an electric sign. The agreement recited that it was made between plaintiff and G., and was signed L. H. G., "Lessee, Sole Owner." Between the words "G." and "Sole Owner" appeared defendant's signature, and on the side of the agreement was a notation by the salesman, "Will guarantee credit." *Held*, that such notation was no part of the contract, and that parol evidence to explain the capacity in which defendant signed, and that at the time of the signature defendant said that he would guarantee the contract, was not objectionable, as varying the terms of the agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1813–1817; Dec. Dig. § 404.*]

2. GUARANTY (§ 53*)—ASSIGNMENT OF CONTRACT—RELEASE OF GUARANTOR.

Where defendant guaranteed G.'s performance of a sign lease, providing for payment of weekly rentals, the fact that G. sold his business to a third person, and thereafter plaintiff billed the weekly sign rentals to the assignee did not release defendant from the guaranty, especially as plaintiff had recovered a judgment for rentals during several weeks, when G.'s assignee failed to pay.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 64, 66; Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Federal Sign System against Joseph Berger. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Paine & Harrison, of New York City (David Paine, of New York City, of counsel), for appellant.

Warshow & Berger, for respondent.

BIJUR, J. [1] Plaintiff sued defendant as guarantor on a written "lease" made by one Goldberg with the plaintiff for the use' of an electric sign. The agreement recites that it is made between plaintiff and said Goldberg, and it is signed, "L. H. Goldberg, Lessee, Sole Owner." Between the words "Goldberg" and "Sole Owner" appears defendant's signature. If the agreement in that form is not to be construed, *on its face*, as meaning that defendant is either a party or a guarantor, then his signature creates an ambiguity, and parol testi-

mony was properly admitted to explain the capacity in which defendant signed. Esselstyn v. McDonald, 98 App. Div. 197, 90 N. Y. Supp. 518. Such evidence was given by plaintiff's salesman, who testified that at the time of the signature, Berger said that he would guarantee the contract, and the salesman thereupon made a notation on the side of the agreement: "Will guarantee credit." This notation was not part of the contract. The parol testimony, therefore, did not, as defendant claims, vary the terms of the agreement.

[2] The defendant also urges that, because it was shown that Goldberg had sold his business to a third party and plaintiff had billed the weekly rental of the sign to such third party, there had been such a change in the principal contract as released defendant, even if he were to be held otherwise as guarantor. The facts recited do not, however, indicate any change in the contractual relations of plaintiff and Goldberg. Moreover, any doubt on that point is dispelled by proof, admitted without objection, that plaintiff recovered against Goldberg a judgment for rental during the several weeks when Goldberg's assignee failed to pay.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.