(92 Misc. Rep. 162)

## LANGENTHAL v. OBERMAN.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

1. PRINCIPAL AND AGENT ⊜⟶193—CONTRACTS—ACTIONS—QUESTIONS FOR JURY.
    In an action for breach of a contract of sale, evidence *held* to make a
    question for the jury whether the goods were sold by defendant person-
    ally or as agent for a third party.
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§
    721½–726 ;. Dec. Dig. ⊜⟶193.]

2. PRINCIPAL AND AGENT ⊜⟶126—LIABILITY OF PRINCIPAL ON AGENT'S CON-
    TRACTS.
    A contract signed, "G. Co., Seller, by O., Salesman," bound the G. Com-
    pany, if O. had authority to act for it, though its name did not appear in
    the body of the contract.  .
    [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 430–
    450 ; Dec. Dig. ⊜⟶126.]

Appeal from City Court of New York, Trial Term.

Action by Samuel Langenthal against Moses Oberman.   From a
judgment in favor of plaintiff, entered upon the verdict of a jury, de-
fendant appeals.   Reversed, and new trial ordered.

Argued  October  term,  1915,  before  BIJUR,  PAGE,  and
SHEARN, JJ.

George D. Zahm, of New York City, for appellant.
Samuel Schack, of New York City, for respondent.

BIJUR, J.   [1] · This action was brought to recover damages for
breach of a contract to deliver goods.   One of the decisive issues in-
volved was the question whether the goods were sold, if at all, by the
defendant personally, or by him as agent for the Grafton Roller Mill
Company.   The learned judge below instructed the jury that the con-
tract was with defendant as matter of law.   Defendant testified re-
peatedly that he told plaintiff that he was acting solely as a middleman
or agent for the Grafton Roller Mill Company.   Two copies of a paper
were put in evidence.   Had these been filled out, and been properly ex-
ecuted by both parties, they might have constituted a contract; but
they were only partially filled out.   Passing that objection, however,
the defendant admitted that the words "The Grafton Roller Mill Com-
pany," printed in the body of both papers, had been stricken out by
him, and his own name written in in place thereof.   The signature
on the copy produced by the plaintiff has the name of the company
erased, as also the word "Salesman," leaving the signature as that of
the plaintiff personally.   The copy produced by the defendant is signed,
"The Grafton Roller Mill Company, Seller, by Oberman, Salesman."

[2] Assuming the papers to represent a contract, the signature on
defendant's copy would, if defendant had authority to act, concerning
which there seems to be no dispute, have bound the company notwith-
standing its name did not appear in the body of the contract.   See
Electric Carriage, etc., Co. v. Herman, 67 Misc. Rep. 394, 123 N. Y.
Supp. 231.   Defendant testified that he had not stricken out the cor-
porate name on plaintiff's copy, and contended that that had been done

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the plaintiff. From every point of view, therefore, there was a sharp issue for the jury to determine, in respect of whether the defendant or the Grafton Roller Mill Company had made whatever contract was entered into. The existence of the issue was emphasized by correspondence introduced in evidence by the defendant between plaintiff and the Mill Company subsequent to the alleged breach of the contract, in which, among other things, plaintiff writes, "October 23d, Oberman sold me for *your account*" goods in controversy.

As due exception was taken to the court's charge above referred to, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.