SAMUEL LANGENTHAL, Respondent, v. MOSES OBERMAN,
Appellant.

(Supreme Court, Appellate Term, First Department, February,
1917.)

Contracts — damages in action to recover for breach of contract —
evidence — trial — verdict — when judgment reversed.

In an action to recover damages for breach of contract the
words "The Grafton Roller Mill Company" and the word
"Salesman" after defendent's name had been stricken out of
plaintiff's copy of the contract received in evidence, but were in
the copy of the contract put in evidence by defendant who testi-
fied that plaintiff's copy when delivered to him was the same as
his. The trial judge, making no reference to said contracts or
the significance of their particular form, charged that if the
agreement was made by defendant in his representative capacity
plaintiff could not recover. Held, that a refusal to charge, on
defendant's request, that if the jury found that plaintiff's copy
of the contract was in the same form at the time of its delivery
to · defendant as defendant's copy, the verdict must be for
defendent, was error for which a judgment in favor of plaintiff
will be reversed and a new trial granted.

APPEAL by defendant from a judgment of the City
Court of the city of New York in favor of plaintiff
for $400, after a trial by a judge and a jury.

George D. Zahm (Allan R. Campbell and Charles E.
Scribner, of counsel), for appellant.

Campbell, Rabenold & Scribner, for respondent.

BIJUR, J. An appeal from the first trial, in which
plaintiff recovered, resulted in a reversal by this
court. *Langenthal* v. *Oberman*, 92 Misc. Rep. 162.

The chief and determinative issue in this case, which
is a suit for damages for failure to deliver certain
flour sold to plaintiff, was whether the contract of sale

was made by defendant personally or by him on behalf of the Grafton Roller Mill Company. The contract was in writing and signed by both parties. It had been prepared by defendant in triplicate, one copy being intended for the mill company (so defendant testified), one delivered to plaintiff and the other retained by defendant. One was an original and the two others were carbon copies. The printed form, which defendant testifies was printed for him by the mill company, after a space for delivery, date of shipment, terms and description of the goods, concludes with the words: " Subject to confirmation. The Graf-- ton Roller Mill Company, seller, by ———, salesman, ———, buyer." The blank in front of the word " salesman " is filled in in the name of Oberman, the defendant, and in front of " buyer " is the name of Langenthal, the plaintiff.

In the copy of the contract produced by the plaintiff, the words, " The Grafton Roller Mill Company," and the word " salesman " were stricken out. This was put in evidence as plaintiff's Exhibit 1. In defendant's copy, put in evidence as defendant's Exhibit A, the words appear without any of them having been stricken out.

The learned judge below correctly charged the jury that if the agreement was made by defendant in his representative capacity plaintiff could not recover in this action, but no reference was made in the main charge to the agreements in evidence or the significance of their particular form. Defendant had testified that plaintiff's copy when delivered to plaintiff was in the form of defendant's Exhibit A (*i. e.*, without erasure). Plaintiff had testified, though not with great precision or clearness, that his copy of the contract (plaintiff's Exhibit 1) had not been altered since its delivery to him by the defendant.

In this state of the record, the determination of what the fact might be in that regard was the turning point in the case. At the close of the main charge defendant's counsel asked the court to charge the jury " that if they find that plaintiff's Exhibit 1 was in the same form at the time of its delivery to Langenthal as defendant's Exhibit A, the verdict must be for the defendant." This charge the court refused to make " except as already charged." As I have said, no instruction had been given to the jury concerning, nor any reference made to, these papers or their form. Defendant was clearly entitled to have the request as made by him charged. It is manifest that by its refusal defendant's interests were seriously prejudiced, and the judgment should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event.

Guy and Mullan, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.