GRAND IRON WORKS, INC., Respondent, *v.* JOHN BRACKEN and Others, Appellants, Impleaded with JACOB POLLACK, Defendant.

First Department, December 31, 1926.

Contracts — execution — action by subcontractor to recover against owners of building for work and services rendered — defense that owners did not enter into contract with plaintiff — evidence — original contract contained provision that subcontracts could not be made without owners' consent — subcontract in question consisted merely of letter to principal contractor, thanking him for order and specifying terms — principal contractor and owners signed acceptance thereon — subcontract was ambiguous so far as owners were concerned, their names not being mentioned — error to reject evidence that owners signed merely to show consent to subletting — admissions in original answer and failure to set up defense until after trial was commenced constitute evidence merely against owners' contention.

In an action by a subcontractor to recover the value of work and services rendered on a building, in which it appears that the contract consisted merely of a letter written to the principal contractor thanking him for the order and specifying the terms of payment, which letter was indorsed as accepted by the principal contractor and the owners, it was error for the court to refuse to admit in evidence testimony to the effect that the owners in signing the acceptance intended merely to give their consent to the letting of the subcontract under a provision in the original contract which stated that no subcontracts could be let without the consent of the owners.

The contract offered in evidence was ambiguous since the name of the owners was not embodied therein, nor was the letter addressed to them, and, therefore, parol evidence along the lines stated was competent to explain the purpose of the owners in signing the acceptance.

Admissions made in the original answer and the fact that the owners failed to set up the defense that they were not parties to the contract, until after the trial had commenced, constitute evidence merely against their contention, and tend to show simply that the defense was an afterthought; but such facts did not bar the right of the owners to introduce the evidence in question, which was excluded by the referee, and they should be given an opportunity to do so, for it is impossible to tell what evidence they may be able to produce in explanation of the purpose of their signature.

APPEAL by the defendants, John Bracken and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of January, 1926, upon the report of an official referee appointed to hear and determine the whole issues.

*Harry N. French* of counsel [*Eidlitz & Hulse*, attorneys], for the appellants.

*Louis Rosenberg* of counsel, for the respondent.

FINCH, J.   The appellants urge, as the sole ground for reversal, the exclusion of documentary and oral evidence for the purpose of establishing that the writing relied upon by the plaintiff, as a contract binding upon the appellants, was not a contract to which they were parties so as to permit a recovery against them by the plaintiff.

The appellants Bracken were the owners of the premises and made a contract with the defendant Pollack as general contractor to do certain alteration work.

In arranging for a subcontract for the iron work several letters passed between the plaintiff and Pollack and on May 4, 1923, the plaintiff wrote to Pollack acknowledging with thanks his order to furnish and erect the iron work for the alteration to the premises. This was marked " accepted " by Pollack and by the Bracken Furniture Company which was the name under which the defendants, appellants, did business as a partnership.

On the same day the plaintiff wrote an identical letter to the Bracken Furniture Company also thanking them for the order.   To this letter there was no reply.   The plaintiff alleged, by paragraph 4 of the complaint, that the agreement was made with all the defendants and this paragraph was at first admitted in the original answer of the appellants.   The plaintiff also alleged in the complaint that $2,000 had been paid on account of the contract by all the defendants, and this paragraph likewise was admitted by the answer of the appellants.   In addition, the attorney for all the defendants, on cross-examination, assumed that the appellants had made a contract with the plaintiff.   This was the state of the record through the plaintiff's case and into the defendants' case. In the course of the defendants' case the appellants moved and were permitted by the official referee to apply at Special Term to amend their answer.   Thereafter permission to amend was denied by the Special Term but granted by an order of this court (213 App. Div. 867).   This amendment was allowed without prejudice to the proceedings already had before the official referee. The appellants thereafter amended their answer so as to deny that the appellants entered into the contract alleged by the plaintiff and to deny that the $2,000 was paid on account by the appellants. Upon a continuation of the case before the referee, the appellants sought to introduce in evidence the letters constituting the prior negotiations for the iron work contract between the plaintiff and the defendant Pollack and the contract between appellants and the general contractor.   This contract provided: " The contractor shall not sublet this contract or any part thereof except with approval of owners."   Appellants also sought to introduce

oral testimony of the conversation which took place at the time that the appellants signed under the word " accepted " the plaintiff's letter acknowledging the order. All this testimony was excluded by the official referee. It was offered upon the theory that the contract was ambiguous and that the signature of the Bracken Furniture Company was merely to signify the appellants' consent under article 16 of the contract to the subletting of this portion of the general contract, namely, the iron work contract. The exclusion of this testimony is the sole point raised on this appeal.

The contract relied on by the plaintiff reads as follows:

" Established 1904

" GRAND IRON WORKS

" Structural Steel

" Ornamental Iron

" Foot of Grand St. & East River

" EMIL ALPERN                    New York                    Telephone
    " *Pres. & Treas.*                                        Orchard 1462
" BERNARD E. ALPERN,
                        " *Sec'y.*                    *May* 4, 1923.
" MR. J. POLLACK,
        " 223 W. 126th St.,
                " New York City:

" DEAR SIR.— We acknowledge with thanks your order for the sum of Five Thousand Two Hundred Fifty Dollars ($5,250), to furnish and erect iron work for the alteration to the premises 45 West 125th St., in accordance with plans prepared by Mr. Lee J. Eaton, Architect, dated April 16, 1923.

" All this work will be done in accordance with the rules and regulations of the Building Department.

" Payments: 85% in cash during the progress of the work and the balance of 15% thirty days after the completion of the iron work.

" Very truly yours,

" GRAND IRON WORKS,

" EA :J.                                    By E. ALPERN, *Pres.*
" Accepted by:
        " J. POLLACK,
        " BRACKEN FURNITURE Co.
                " By G. A. BRACKEN.

" All agreements contingent upon strikes, accidents or other causes beyond our control. Quotations subject to change without notice."

It is to be noted that this letter is addressed to J. Pollack and acknowledges the order of Pollack. It contains no reference whatsoever to the Bracken Furniture Company or the appellants, either

as parties to the contract or otherwise, and there is nothing to show why it was indorsed as accepted by the Bracken Furniture Company. The writing is thus ambiguous, and, therefore, the defendants should have been permitted to introduce the evidence offered on their behalf in an attempt to explain the ambiguity. In *Esselstyn* v. *McDonald* (98 App. Div. 197) McDonald signed a lease, which was also signed by both the lessor and the lessee. The name of McDonald, however, was not mentioned in the document itself. It was held that the capacity in which McDonald signed could be shown by parol. In *Hoffstaedter* v. *Carlton Auto Supplies Co., Inc.* (203 App. Div. 494) this court granted a new trial because of the rejection of evidence of facts and circumstances attending the execution of a note signed by a corporation, by its treasurer, and also signed by one Sam Lichtenstein. The latter sought to show that he signed merely as president of the corporation. The court, by MERRELL, J., said: " The defendant offered to prove facts and circumstances attending the execution of the note to show that it was not the individual note of the defendant Lichtenstein, but that it was solely the note of the corporate defendant, and that the defendant Lichtenstein had no personal transactions with the plaintiff whereby he was to be personally bound. This offer was objected to by counsel for the plaintiff, and said objection was sustained by the trial court upon the ground that under a general denial the defendant could not offer such proof. We think the trial court erred in refusing to permit the defendant to give evidence of the circumstances under which the note was made and to show that it was not the individual note of the defendant Lichtenstein, but of the corporation. * * * It is elementary that under a general denial a defendant may disprove any fact which the plaintiff is required to prove to establish a *prima facie* cause of action. * * * The excluded testimony might have presented a question of fact as to whether or not the note in suit was the joint and several note of the corporate defendant and the defendant Lichtenstein individually, which would be for the jury to determine."

So in the case at bar, the appellants having put in issue the making of the contract by them, and the writing on its face not showing that it was the intention of the appellants to sign the contract as principal, but being ambiguous the appellants were entitled to introduce evidence in support of their contention that the writing constituted a contract solely between the plaintiff and the general contractor, and that it was the understanding of the parties that the appellants signed the writing solely to signify their consent to subletting a portion of the work undertaken by

the general contractor.   All the facts heretofore recited tending to show that the appellants were bound, namely, the failure to answer the letter from the plaintiff thanking them for the order, the admissions in their original answer and their position on the plaintiff's case on the trial, merely constitute evidence against the contention of the appellants.   All this evidence would go to show that the defense now put forward by the appellants is an after-thought.   On the other hand, since it was excluded it is impossible to foretell the evidence which the appellants may be able to produce as to what took place when they affixed their signature under the word " accepted."

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.

CLARKE, P. J., MERRELL, MARTIN and BURR, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellants to abide the event.