■ ALBERT BONWIT, Appellant, v. PROTECTIVE LINING CORP., Respondent.— In an action by a former employee of defendant *inter alia* to recover damages for wrongful discharge, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 13, 1972 upon the trial court's dismissal of the complaint at the end of the entire case. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. We are of the opinion that the record in this case presented a question of fact for the jury as to the intention and capacity of defendant in signing the employment contract (*Esselstyn* v. *McDonald*, 98 App. Div. 197). Thus, it was error to take the case from the jury. Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Martuscello, J., dissents and votes to affirm, with the following memorandum: The contract on its face purports to be an agreement between plaintiff and Royal Extrusion Corp. The signing by defendant did not bind it, since it did not assume any obligation thereunder. *Esselstyn* v. *McDonald* (98 App. Div. 197), which is relied on by the majority, is distinguishable, since there both parties to the contract signed it as well as the defendant, McDonald. In the case at bar, defendant appears to be an interloper and, if plaintiff intended to bind defendant, plaintiff should have brought an action to reform the contract.

■ STELLA CEBULA, Appellant, v. TERRY BUS LINE, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Richmond County, entered December 19, 1969 in her favor against defendants for $5,000, upon jury verdicts of $5,000 against defendants Terry Bus Line, Inc., and Charles Bailey and $5,000 against defendant George Nicholson. Judgment reversed, on the law and in the interests of justice, and new trial granted, limited solely to the issue of damages, with costs to abide the event. The interests of justice require that a new trial specifically limited to the issue of damages be held in this case. In view of the manner in which the court charged the jury, it is impossible to determine with any certainty what their intention was with respect to the awarding of damages. In our view, under the circumstances of this case a new trial solely concerned with the issue of damages is the best method for resolving the ambiguity. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.