Shahixby N. Egeth, J.
This is an action to recover damages for breach of an automobile rental agreement which was entered into between plaintiff and the corporate defendant as named parties thereto. The individual defendant signed the lease in his capacity as president of the corporate defendant, and then, again signed his name immediately thereunder. The document contains no explanation, provision or language which would reveal the capacity, circumstances or reason for the second signature.
The court permitted testimony to explain the circumstances, reasons and understandings of the parties concerning the two signatures of the individual defendant. Such evidence is not barred by the parol evidence rule. It does not vary the terms of the parties’ written contract. Parol evidence is admissible to show the facts pertinent at execution from which may be gleaned the intention of the parties as to the reason and legal effect of the individual defendant’s second signature. (Esselstyn v. McDonald, 98 App. Div. 197; Electric Carriage Call & Specialty Co. v. Herman, 67 Misc. 394; Schonberger v. Culbertson, 231 App. Div. 257; New Amsterdam Cas. Co. v. Mobinco Brokerage Co., 219 App. Div. 486.)
From the testimony and exhibits adduced at trial this court finds it was the unequivocal intention of the parties that the defendant Louis Anzalone be personally bound by the provisions of the lease. The only credible evidence clearly reveals that a lease could not be obtained solely upon the credit of the individual defendant’s newly formed, no asset corporation, and that *945 he was required to pledge his personal credit as a prerequisite to procuring the automobile rental. A corporate lease was initially refused, and the defendant Anzalone was required to, and did, supply a personal financial statement before the lease could become effective. Testimony revealed that Anzalone possessed sufficient business experience to render somewhat incredible his claim that he blindly signed the document as directed without suspecting or comprehending that his personal liability was sought by the second signature.
It is clear to this court that although the parties clearly intended the defendant Anzalone to be obligated under this lease, as laymen, unrepresented by counsel at that time, they did not consider the legal refinements and niceties as to whether Anzalone would be liable as a surety-guarantor, or as a principal party to the contract.
In this case his liability could be found under either theory if warranted ¡by the facts. A surety relationship proved by oral testimony would normally ,be barred by the affirmative defense of the Statute of Frauds (General Obligations Law, § 5-701, subd. 2). Said defense must be affirmatively pleaded in the answer or it is waived (CPLR 3211 subds. [a], [e]). Since the defense was not affirmatively pleaded in this case, there is no bar to prove a relationship of surety.
Under the facts proved, this court concludes that in signing the lease the second time, the defendant Anzalone intended to, and became bound to perform the contract as a principal. The facts in this case are identical to those before the Appellate Division, Second Department, in the case of Esselstyn v. McDonald (98 App. Div. 197, 199, supra). The court there accepted parol evidence to explain the circumstances surrounding the identical double execution of the lease before it, and ruled that the individual defendant thereby became a principal coparty to the corporate contract.
To the same effect is the decision of the Appellate Term, First Department, in the case of Electric Carriage Call & Specialty Co. v. Herman (67 Misc. 394, 396-397, supra), where the court stated: “ A person who is not named in the body of an instrument and signs his name thereto before delivery is to be held liable as a party to the contract. ’ ’
Prior to trial, the parties stipulated to $2,534 as damages for breach of lease, exclusive of $300 claimed as property damage. The court finds that plaintiff did not sustain its burdén of proving the defendants ’ responsibility for $300 in property damage. No proof was adduced as to the condition of the vehicle prior *946 to repossession, or as to the nonoccurrence of damage during repossession.
Accordingly, plaintiff is awarded judgment against both defendants in the sum of $2,534, plus interest, costs and disbursements as demanded in the complaint.